**7**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE ROE, <br>          Plaintiff, <br><br> v. <br><br> LINCOLN-SUDBURY REGIONAL SCHOOL <br> DISTRICT, BELLA WONG, AIDA RAMOS, AND <br> LESLIE PATTERSON, <br>          Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 1:18-cv-10792-FDS <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWERS OF PLAINTIFF, JANE ROE, TO INTERROGATORIES PROPOUNDED
BY THE DEFENDANTS, LINCOLN-SUDBURY REGIONAL SCHOOL DISTRICT,
BELLA WONG, AIDA RAMOS, AND LESLIE PATTERSON**

Pursuant to Fed. R. Civ. P. 26 and 33, Plaintiff Jane Roe hereby responds to the

Defendants' Interrogatories as follows:

INTERROGATORY NO. 1

Please state your name, DOB, current address, permanent address, current employer,
current school and expected date of graduation.

**ANSWER NO. 1:**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is
irrelevant to the subject matter of this action and is not reasonably calculated to lead to the
discovery of admissible evidence. Subject to and without waiving this or other objections, the
Plaintiff further responds as follows:

My name is ███████████ I was born on ████████████ My current address is
██████████████████████. My permanent address is ████████████████
My current college is Mount Holyoke College, located in South Hadley, MA. I hope to graduate
from Mount Holyoke College in May 2021.

INTERROGATORY NO. 2

Please state whether you ever received or underwent any medical treatment, therapy, counseling and/or mental health or psychiatric treatment prior to the sexual assaults alleged in Paragraphs 12 & 13 of your Complaint, including:

a.     When any such therapy, counseling or treatment began;
b.     The name and address of any professional(s) who rendered, provided or participated in such therapy, counseling or treatment;
c.     The reason(s) for such therapy, counseling or treatment;
d.     The frequency of such therapy, counseling or treatment in the three years before such sexual assaults;
e.     What medication(s) you were taking, whether prescription or over-the-counter, and the dosage/frequency thereof, at the time of such sexual assaults;
f.     The identity of all documents concerning or related to such therapy, counseling or treatment.

**ANSWER NO. 2**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, oppressive and is not limited as to time or scope. Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

In the seventh grade, prior to the sexual assaults, I visited Dr. Leslie Barnard, a clinical psychologist located at 66 Junction Square in Concord, MA for a total of three sessions over the course of three weeks to discuss how to deal with and respond to bullying. I was not prescribed and did not take any medications at the time of the sexual assaults.

Answering further, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs you to the documents she produces in response to Defendants' First Requests for Production of Documents.

INTERROGATORY NO. 3

For any medical treatment, therapy, counseling and/or mental health or psychiatric treatment you have received or undergone since the sexual assault alleged in Paragraphs 12 & 13 of your Complaint, please state:

a.     When any such therapy, counseling or treatment began;
b.     The name and address of any professional(s) who rendered, provided or participated in such therapy, counseling or treatment;

c.     The reason(s) for such therapy, counseling or treatment;

d.     The frequency of such therapy, counseling or treatment, including all dates of same;

e.     What medication(s) you have taken, whether prescription or over-the-counter, and the dosage/frequency thereof, since such sexual assaults; and

f.     The identity of all documents concerning or related to such therapy, counseling or treatment.

**ANSWER NO. 3**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, oppressive and is not limited as to time or scope. Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

Since the sexual assaults, beginning in December 2013 and continuing to the present, I have visited with Suzanne Lake Giles, LMHC, at Damonmill Square, 9 Pond Lane, Suite 3A, Concord, MA, typically on a weekly basis when I am able to do so. I also received treatment at the Anna Jacques Hospital, located at 25 Highland Avenue in Newburyport, MA in April 2014 and have visited the Eliot Center for Health and Rehabilitation located at 168 Central Street in Natick, MA for treatment and medications. I have sought and received counseling and treatment for a number of issues, including but not limited to Post Traumatic Stress Disorder, depression, anxiety, suicidal ideation, self-harm and sleep disorders. I have been prescribed and take Zoloft, Wellbutrin and Lamictal.

Answering further, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs you to the documents she produces in response to Defendants' First Requests for Production of Documents.

INTERROGATORY NO. 4

If you were ever a victim of inappropriate sexual behavior, sexual assault, or sexual harassment prior to the sexual assaults alleged in Paragraphs 12 & 13 of your Complaint, please:

a.     Identify the assailant(s);

b.     State when and where such assault(s) occurred; and

c.     State whether such assault(s) were ever reported to local school officials and/or state or local law enforcement authorities and, if so, identify such officials and/or authorities.

**ANSWER NO. 4**

    **CONFIDENTIAL**

    Plaintiff objects to this Interrogatory on the grounds that it is ambiguous.  Plaintiff also objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, oppressive and is not limited as to time or scope.  Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff.  Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

    Plaintiff was not the victim of inappropriate sexual behavior, sexual assault, or sexual harassment prior to the sexual assaults detailed in the Complaint.

INTERROGATORY NO. 5

    Please state when you first disclosed and/or reported the events of November 1, 2013 and the sexual assault alleged in Paragraphs 12 & 13 to:

    a.      Your parents;
    b.      Lincoln-Sudbury Regional High School personnel;
    c.      The Sudbury Police Department; and/or
    d.      The Middlesex District Attorney's Office, Massachusetts Attorney General's Officer, or Massachusetts State police.

**ANSWER NO. 5**

    **CONFIDENTIAL**

    Plaintiff objects to this Interrogatory on the grounds that it is ambiguous and vague. Plaintiff also objects to this Interrogatory on the grounds that it seeks information which is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants.  Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

    I first reported the sexual assaults to my parents, to Lincoln-Sudbury Regional High School personnel and to the Sudbury Police Department on Thursday, November 7, 2013.  I reported the sexual assaults to the Middlesex County District Attorney's Office sometime later in November 2013.

INTERROGATORY NO. 6

    Please identify all witnesses to and persons with discoverable knowledge of:

    a.      The sexual assaults alleged in Paragraphs 12-13 of your Complaint;
    b.      The dates where one of the Perpetrators would pass you to pick up his

        mail in the East House main room as alleged in Paragraphs 30 & 35 of
        your Complaint (Tony Benheim);

c.      The January 31, 2014 CPR class incident alleged in Paragraph 49 of you
        Complaint:

d.      The January 31, 2014 cafeteria incident alleged in Paragraph 50 of your
        Complaint;

## ANSWER NO. 6

### CONFIDENTIAL

Plaintiff objects to this Interrogatory on the grounds that it is ambiguous and vague. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

In addition to me and the Defendants named in this Complaint, other individuals who I believe witnessed and have personal knowledge of these incidents include: the students assigned to East House at the time; Tony Benheim, the secretary in East House at the time; my teacher and the students enrolled in the CPR class; the students in attendance at the Lincoln-Sudbury Regional High School on January 31, 2014; and, upon information and belief, █████████ and █████████

## INTERROGATORY NO. 7

Were you ever harassed, bullied, menaced, teased, glared at, smirked at, laughed at, or assaulted on Lincoln-Sudbury Regional High School grounds by either Perpetrator 1 or Perpetrator 2, or their friends, at any time other than the dates and incidents alleged and described in Paragraphs 12, 13, 30, 49, and 50 of your Complaint? If so, for each such incident, please state:

a.      Where the incident took place;

b.      When the incident took place;

c.      The identity(ies) of the harasser(s), bully(ies), etc.;

d.      The details of the incident; and

e.      To whom the incident was reported and by whom.

## ANSWER NO. 7

### CONFIDENTIAL

Plaintiff objects to this Interrogatory on the grounds that it is ambiguous and vague and uses undefined terms. Plaintiff further objects that this Interrogatory calls for information that is

already known by and/or is in the possession of Defendants.  Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff.  Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

I have described the incidents as best as I could in the Complaint and do not currently recall additional incidents that occurred on Lincoln-Sudbury Regional High School grounds other than those that occurred in classes following the incident; the repeated harassment from the friends of ███████████ and ███████████, which I reported to Leslie Patterson the Housemaster of the East House; and the repeated actions of Nick Fairweather prior to rugby practice, which included but were not limited to hovering and lingering around an area where I was and glaring at me, which I also reported to Leslie Patterson as a violation of the Harassment Prevention Order issued by the court against him.

INTERROGATORY NO. 8

Please state all facts upon which you rely to support the allegation contained in Paragraph 43 of your Complaint that the District stated that "it could not provide Jane with appropriate academic, social, and emotional support and that it was unable to completely separate Jane from the Perpetrators at Lincoln-Sudbury."

**ANSWER NO. 8**

**CONFIDENTIAL**

Plaintiff objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants.  Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

In addition to the named Defendants, other officials at the Lincoln-Sudbury Regional High School repeatedly made this claim to my mother, ███████████, and my father, ███████████, on multiple occasions. Additionally, upon information and belief Lynn Carlson, who handled my outplacement to EDCO, and Aida Ramos, the Director of Student Services at the Lincoln-Sudbury Regional High School, discussed this matter with my parents on multiple occasions, telling them I did not qualify for the Lincoln-Sudbury Regional High School's Beacon Program and the Lincoln-Sudbury Regional High School did not have another support system in place for me.

INTERROGATORY NO. 9

Please state all facts upon which you rely to support the allegation contained in Paragraph 53 of your Complaint that EDCO "was not academically challenging for Jane, and did not provide the same level of social interaction with peers as she had previously at Lincoln-Sudbury."

**ANSWER NO. 9**

**CONFIDENTIAL**

Plaintiff objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

The EDCO program did not present or offer the more challenging coursework available at the Lincoln-Sudbury Regional High School. For example, EDCO did not offer a foreign language program. Its classes were severely limited in number, with only three other students in my classes initially, then only increasing to approximately five to eight students for the remainder of my time there. I was not allowed to converse with fellow students, and the program did not allow any physical contact between students, even when passing in hallways. In addition, administrators and staff at EDCO confiscated cell phones each morning before we entered the building and I had to pass through metal detectors as well. Some of my fellow students wore ankle bracelets as a result, I believe, of their previous criminal activity, while others had obvious and severe anxiety or emotional issues which made interaction virtually impossible. Despite this, EDCO did not provide any therapy opportunities to my knowledge. Additionally, I was forced into a three hour, daily commute to attend EDCO during which time I was harassed by a cab driver without, upon information and belief any repercussions.

INTERROGATORY NO. 10

Please state all facts upon which you rely to support the allegation contained in Paragraph 51 of your Complaint that Lynne Carlson stated that the District "could not provide a safe environment for [you] in house at Lincoln-Sudbury."

**ANSWER NO. 10**

**CONFIDENTIAL**

Plaintiff objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

Ms. Carlson handled outplacement the Lincoln-Sudbury Regional High School for students being removed or placed outside of the school for various reasons. She informed my parents that I did not qualify for the Lincoln-Sudbury Regional High School Beacon Program, which I understood to be an in-house program designed specifically to help students with

academic, social and emotional needs on a case-by-case basis.  Additionally, upon information and belief, Ms. Carlson said that the Lincoln-Sudbury Regional High School did not have additional support programs available to me because my trauma was ongoing given the continued presence of the Perpetrators at the Lincoln-Sudbury Regional High School.  In addition, I believe Aida Ramos also has knowledge and was involved in outplacement to EDCO because of my supposed inability to qualify for the Beacon Program.  Upon information and belief, they, with the knowledge and consent of the individual Defendants, suggested that I move to EDCO because the Lincoln-Sudbury Regional High School did not have the ability to adequately provide for me.

INTERROGATORY NO. 11

Please state all facts upon which you rely to support the allegation contained in Paragraph 58 of your Complaint that "the BEACON program ... has serviced numerous students in similar circumstances to those experienced by  Jane."

**ANSWER NO. 11**

**CONFIDENTIAL**

Plaintiff objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants.  Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

Upon information and belief, my mother, who works at the Lincoln-Sudbury Regional High School, has assisted with other students with similar emotional/psychological issues who were placed in the Beacon Program.  Upon information and belief, many were in-patients at hospitals for emotional/psychological issues then returned to the Lincoln-Sudbury Regional High School, many utilized and regularly saw counselors at the Lincoln-Sudbury Regional High School and/or private counselors as part of their normal school routines.  I also understand that some students who were unable to attend classes for varying lengths of time for various reasons but were in the Beacon Program later graduated and received a diploma from the Lincoln-Sudbury Regional High School.

INTERROGATORY NO. 12

Please state all facts upon which you rely to support the allegation contained in Paragraph 69 of your Complaint that "at no time did the District conduct an adequate investigation."

**ANSWER NO. 12**

    **CONFIDENTIAL**

    Plaintiff objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

    After I filed the report with the Lincoln-Sudbury Regional High School, the school district refused and failed to provide updates regarding its alleged investigation to me or my parents despite requests. At first, the Lincoln-Sudbury Regional High School cited "privacy" restrictions as a reason for not providing any updates to me or my parents as well as an alleged mandate from the Sudbury Police Department. Later, the the Lincoln-Sudbury Regional High School claimed that the Department of Education's Office of Civil Rights ("OCR") issued the mandate prohibiting any updates on the investigation. OCR maintains that it instructed the Lincoln-Sudbury Regional High School to provide us with the updates. At no time prior to two years after I made the report did the Lincoln-Sudbury Regional High School provide me with any notice of findings. When it finally did provide the notice of findings, it claimed that the results of the investigation were inconclusive. Despite maintaining silence to me and my family, on or about February 15, 2015, Defendant Wong sent an email to the parents of the entire student body referencing the incident by inference and stating, "please be assured that the safety of our students is not at issue," despite knowing that the two Perpetrators were not segregated from any other students. Finally, in August 2017, only after the Perpetrators had graduated from the Lincoln-Sudbury Regional High School, it acknowledged in a letter to me only that an "egregious act did occur."

INTERROGATORY NO. 13

    Please describe, in full and complete detail, your "continued" harassment as alleged in Paragraph 84 of your Complaint, including in your answer:

    a.    Where such harassment took place;
    b.    When such harassment took place;
    c.    The nature of the harassment; and
    d.    The identities of all witnesses to and persons with discoverable knowledge of such harassment.
    e.    Whether and when you, or anyone to your knowledge, reported each previous incident to Lincoln-Sudbury, or any local or state agency.

**ANSWER NO. 13**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and oppressive. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

From the date of the incident until the Lincoln-Sudbury Regional High School transferred and placed me at EDCO, I was repeatedly subjected to harassing behavior from the Perpetrators and their friends. This behavior included but was not limited to staring, laughing and pointing at me as they or I would pass, rolling eyes, intentionally lingering in areas near me and other related actions in hallways and the cafeteria, among other places in the Lincoln-Sudbury Regional High School. I currently do not recall the specific names of the friends of the Perpetrators, but I do believe a former classmate named ▉▉▉▉▉▉▉▉ witnessed and was aware of these incidents. Upon information and belief, in addition to my parents, I also reported the incidents to M.J. Walsh, an educator assisting me with my individualized education program, when or shortly after they occurred.

INTERROGATORY NO. 14

Please describe, in full and complete detail, the "loss of educational opportunities and/or benefits" alleged in Paragraph 89 of your Complaint.

**ANSWER NO. 14**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and oppressive. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

Going to a therapeutic school like EDCO made it very difficult to apply to colleges, as I would have to explain to every school what happened and why my public school transferred me out to a school like EDCO. I am certain that the gap in my high school education resulting from the Lincoln-Sudbury Regional High School's placement of me at EDCO led the high schools and colleges to which I applied draw a negative impression and inference about me. I believe this acted as a "red flag" to other schools. In addition, I was no longer able to pursue the study of Spanish language classes during my time at EDCO, and the resulting gap before I was allowed to resume those classes were especially challenging academically. Additionally, as described

above, the classes and social interaction offered at EDCO were dramatically lesser than those offered at the Lincoln-Sudbury Regional High School.

INTERROGATORY NO. 15

Please state all facts upon which you rely to support the allegation contained in Paragraphs 96 and 100 of your Complaint that the "District's policies and/or practices constituted disparate treatment of females and had a disparate impact on female students."

**ANSWER NO. 15**

**CONFIDENTIAL**

Plaintiff objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

The Lincoln-Sudbury Regional High School's course of action in punishing me by isolating me from other students and taking no action towards the Perpetrators alone demonstrates its disparate treatment of females and, upon information and belief, continues to have a disparate impact on female students who are reluctant to come forward with complaints of sexual assaults or sexual harassment as a result. I was shamed by staff members at the Lincoln-Sudbury Regional High School after coming forward with my story and eventually placed at a different school while the Perpetrators continued to have unfettered access to all classes and services the Lincoln-Sudbury Regional High School offered, in addition to graduating with a diploma from the school.

In the most literal of terms, I was shut out of the Lincoln-Sudbury Regional High School community after sharing my story, and I have since heard that multiple other students either suffered the same fate as I did or have refused to come forward with their own stories because of fear of suffering this fate. The administration and staff of the Lincoln-Sudbury Regional High School did everything it could to bury my sexual assault, and I believe they have done this to other female survivors in the past and continued to do so at least until the press reported on this lawsuit. In addition, I understood that relatively shortly before I reported my sexual assault another student reported her own sexual assault to the Lincoln-Sudbury Regional High School but the school's refusal to take any actions led to that student transferring to another high school. I have not heard any stories about male students being adversely impacted by the Lincoln-Sudbury Regional High School's practices or policies.

INTERROGATORY NO. 16

Please describe, in full and complete detail the "suffering of your character and standing and community" as alleged in Paragraphs 98 and 101.

**ANSWER NO. 16**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and oppressive. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

As a result of the Lincoln-Sudbury Regional High School's treatment of me, I was forced to transfer to EDCO, a school known to be a therapy school. This resulted in permanent damage and the ending of many relationships and friendships I had with peers and neighbors that I have known since I was a toddler. Bella Wong's email to the Lincoln-Sudbury Regional High School's community stating that there were no safety concerns in the school community while at least one of the Perpetrators was still walking the hallways and was allowed to graduate without any punishment or restrictions, further isolated and stigmatized me, which I believe resulted in long-term damage to my reputation and standing among my peers and others. The school's decision to place me on display in a room by myself and in front of my classmates for a period of time before transferring me to EDCO made me the subject of ridicule among my peers.

INTERROGATORY NO. 17

Please state all facts upon which you rely to support the allegation contained in Paragraph 99 of your Complaint that the District "fail[ed] to properly train and supervise its employees."

**ANSWER NO. 17**

**CONFIDENTIAL**

Plaintiff objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

After I reported the incident, the Lincoln-Sudbury Regional High School's staff and administration failed to provide any, much less adequate, protections for me at school functions like team practices. Staff and administrators chose to, in essence, punish me for reporting the sexual assault by placing me alone in the main room in East House, visible to all other students. The staff and administration failed to take any actions when I reported harassing behavior from other students. The staff and administration prohibited me from having equal access to educational opportunities at school and services offered to other students including but not limited to the Beacon Program and other counseling services. Additionally, despite concluding

that the incident did, indeed, occur, the staff and administration took no disciplinary steps towards the Perpetrators. Instead, Bella Wong told parents that there were no safety concerns at the school.

Despite multiple requests and statements made to Ms. Lynne Carlson about the inadequacy of the educational opportunities offered by EDCO, and that the school lacked social and emotional supports I needed, she refused to discuss placement back at the Lincoln-Sudbury Regional High School, or in the Beacon Program, or in a similar school. Rather, Ms. Carlson and, upon information and belief, the Lincoln-Sudbury Regional High School administrators only offered "therapy schools" similar to EDCO to me and my family.

The Lincoln-Sudbury Regional High School also subjected me to three hours of transportation each day if I was to continue my schooling at EDCO. The school offered me a cab service to and from EDCO. During one of the cab rides, the driver verbally harassed me repeatedly during the drive. Despite my complaint to Ms. Anne O'Reilly, who, upon information and belief, was the Lincoln-Sudbury Regional High School transportation coordinator, the Lincoln-Sudbury Regional High School administrators refused to make any changes to my transportation arrangement and rejected my requested accommodation for female drivers.

From the moment I reported the incident, I believe many of the staff and administrators were hostile to me and my family, which demonstrated to me that they had not been properly trained or supervised in how to respond to a sexual assault report. In addition, as detailed above, the Lincoln-Sudbury Regional High School administrators failed and refused to provide me or my family with any updates throughout the course of the alleged investigation it conducted into my report.

INTERROGATORY NO. 18

Please state, in full and complete detail, the basis for your contention that you have been seriously and permanently injured as a result of the defendants' acts, omissions or deliberate indifference, identifying with particularity the nature and sources of those injuries, including in your response the treatment sought for each injury and any medical provider that treated each injury.

**ANSWER NO. 18**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and oppressive. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of Defendants. Plaintiff also objects to this Interrogatory to the extent it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

As detailed above, as a result of the actions of the named Defendants at the Lincoln-Sudbury Regional High School, I have been and am currently in therapy and related treatment for, among other things, emotional distress including post-traumatic stress disorder, flashbacks to the incident, depression, anxiety, dissociation, sleep disorders, self-harm, and thoughts of suicide which resulted in admittance to a hospital while I attended EDCO. I have been treated by Suzanne Giles, Nicole Duane and Laura Shapiro and have been admitted and/or treated at Anna Jaques Hospital, Emerson Hospital, and The Elliot Center at Emerson Hospital. I am also taking prescription medications to attempt to cope with the psychological harm caused to me by the actions of the staff and administrators of the Lincoln-Sudbury Regional High School. While these treatments have provided some measure of relief and taught me some coping mechanisms, I still suffer daily with anxiety, trouble sleeping, post-traumatic stress disorder, depression, self-harm, and suicidal ideation, which I fear will always be the case in my life.

Answering further, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs you to the documents she produces in response to Defendants' First Requests for Production of Documents.

INTERROGATORY NO. 19

Please list all civil, criminal, and administrative actions in which you have been a party in the past ten (10) years, identifying the court or administrative agency, the docket, or case number, the names of the parties in each action, and final disposition, if any.

**ANSWER NO. 19**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, oppressive and is not limited as to time or scope. Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

In addition to this lawsuit, the only action I have been a part of in the past ten years was in obtaining the Harassment Prevention Orders against the Perpetrators, copies of which I then provided directly to the Lincoln-Sudbury Regional High School.

INTERROGATORY NO. 20

Please state whether you have ever posted anything on any social media site concerning or related in any way to any of the allegations contained in your Complaint and/or any of the defendants. If so, include in your answer:

     a.     The name and html address of the main page of the social media site on which you made the post;

     b.     The date of the post; and

c.    The substance of the post.

**ANSWER NO. 20**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, oppressive and is not limited as to time or scope. Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

To the best of my recollection, I have not posted anything on any social media site concerning or related in any way to any of the allegations contained in my Complaint and/or any of the named Defendants.

INTERROGATORY NO. 21

Please identify each person whom you expect to call as an expert witness at trial in this case, including in your answer:

a.    The expert's name, home and business address, and telephone number;
b.    The expert's business or occupation;
c.    The expert's title or position and the name and address of the entity by which he or she is employed, or through which the expert otherwise carries on his or her business or occupation;
d.    The substance of the opinions to which the expert is expected to testify; and
e.    A summary of the grounds for each of the expert' s expected opinions.

**ANSWER NO. 21**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and oppressive. Plaintiff also objects to this Interrogatory to the extent that it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of the Defendants. Subject to and without waiving this or other objections, the Plaintiff further responds that she has not yet determined which expert witnesses she intends to call at trial, but shall supplement this Response in a timely manner when appropriate to do so.

INTERROGATORY NO. 22

Since the alleged incident that serves as the basis for your Complaint occurred, please identify each school or other educational institution you have been recruited by, applied to, enrolled in or attended, including in your answer:

      a.      the name and location of the school or educational institution;
      b.      the dates you attended each;
      c.      whether each was a public or private institution;
      d.      whether you received scholarships, grants or financial aid from each, including the amounts;
      e.      whether you received a diploma or degree from each;
      f.      whether (including where and how long) you resided away from your home while at school; and
      g.      a complete description of the extra-curricular activities you participated in at each;

**ANSWER NO. 22**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, oppressive, uses undefined terms and is not limited as to scope. Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

In addition to attending the Lincoln-Sudbury Regional High School and EDCO, I attended and graduated with a diploma from Lawrence Academy from 2014-2017. There, I played for the junior varsity field hockey and tennis teams. I am currently attending Mount Holyoke College, where I enrolled in 2017. For the past year, I have been active in the "Active Minds Club," which serves the college community by providing awareness and information about mental health resources available for students. I also recently accepted a position as a research assistant to Professor Tawa at Mount Holyoke College. I reside in campus housing in South Hadley during the school year and have done so since enrolling in Mount Holyoke. Since enrolling I have returned to live with my parents when school is not in session.

When it became clear to me and my family that Lincoln-Sudbury Regional High School would not change its determination that I was to be placed at EDCO, I was forced to apply to other high schools including Lawrence Academy, which accepted me and where I enrolled and from where I graduated. I also applied but was rejected from the following high schools: Dana Hall; Rivers School; and the Cambridge School of Weston. I believe my placement at EDCO had a negative effect on my application to these schools.

In addition to Mount Holyoke College, I also applied to the following colleges that offered me admission: Quinnipiac University; Saint Michael's College; Wheaton College; Hobart; William Smith College; Loyola University; and Fairfield University.  Clark University rejected my application.

No high school or college recruited me, and all to which I applied are, to the best of my knowledge, private institutions.

INTERROGATORY NO. 23

Please describe all of the injuries and complaints, of any nature whatsoever [whether objective or subjective], that you allege resulted from the incidents described in your Complaint, including both those injuries of which you or your doctors are now aware or of which you or your doctors now suspect, including but not limited to the following specific details:

    a.    List and describe each specific detail, giving the exact location within or upon your body of all injuries, and the nature of your complaint [whether physical, dental, emotional, nervous, mental or psychological].

    b.    If you have completely recovered from each such injury and complaint, state the date you recovered from such injury or complaint.

    c.    Identify or separately list all of your present disabilities and complaints [whether objective or subjective], the frequency and duration of your complaints of pain, etc., the location of and degree of any limitations you now have, and a detailed description of any medical condition you have at the present time, which you attribute to the incidents.

    d.    Identify or separately list and describe each of your claimed permanent disabilities.

    e.    If as a result of any injury in the incidents described in your Complaint, any doctor gave you a temporary or permanent disability rating, give the name and address of the doctor, what the rating covers, when the rating was made, the percentage of rating and the reason therefor.

**ANSWER NO. 23**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, oppressive, uses undefined terms and is not limited as to scope.  Plaintiff also objects to this Interrogatory to the extent it seeks to embarrass the Plaintiff.  Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

Plaintiff refers you to the answers provided above. Answering further, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs you to the documents she produces in response to Defendants' First Requests for Production of Documents.

INTERROGATORY NO. 24

Please describe and quantify all damages, injuries, losses, or adverse consequences, whether past, present or future, that you claim to have suffered or incurred, as a result of the conduct alleged in the Complaint, specifying the source of such damages, injuries, losses or consequences, and the facts or basis upon which you estimate or place a value on such damages, injuries, losses or consequences.

**ANSWER NO. 24**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and oppressive. Plaintiff also objects to this Interrogatory to the extent that it calls for information covered by the attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of the Defendants. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

Pursuant to Mass. R. Civ. P. 33(c), Plaintiff directs you to the documents she produces in response to Defendants' First Requests for Production of Documents. Answering further, Plaintiff states that she has been damaged, in an amount to be determined at the trial of this matter, as a result of the emotional distress, including but not limited to anxiety, mental anguish, and other related categories of distress resulting from the actions taken and not taken by the Lincoln-Sudbury Regional High School.

INTERROGATORY NO. 25

Please describe the events surrounding each incident described in your Complaint including but not limited to the following information:

    a.    the time of day and date of each incident and the location;
    b.    the person or persons present;
    c.    the manner in which the incident occurred;
    d.    each and every act or statement of Lincoln-Sudbury Regional School District, Bella Wong, Aida Ramos and Leslie Patterson, their agents, servants and/or employees which constituted a deprivation of your constitutional rights, an intentional tort, or otherwise contributed to the injuries you allege that the Defendants caused you.

**ANSWER NO. 25**

**CONFIDENTIAL**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and oppressive. Plaintiff also objects to this Interrogatory to the extent that it calls for information covered by the attorney-client privilege and attorney work-product doctrine and to the extent that it calls for a legal conclusion from the Plaintiff. Plaintiff further objects that this Interrogatory calls for information that is already known by and/or is in the possession of the Defendants. Subject to and without waiving this or other objections, the Plaintiff further responds as follows:

Plaintiff refers you to the answers provided above, to the details provided in the Complaint and to the statements and reports made directly to the Lincoln-Sudbury Regional School District, Bella Wong, Aida Ramos and Leslie Patterson. Answering further, pursuant to Fed. R. Civ. P. 33(d), Plaintiff directs you to the documents she produces in response to Defendants' First Requests for Production of Documents.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___8th___ DAY OF

FEBRUARY, 2019.

As to Objections,

By her attorneys,

 _/s/ Michael S. Day_____
Kristen Schuler Scammon (BBO #634586)
Michael S. Day (BBO #656247)
TORRES, SCAMMON, HINCKS & DAY, LLP
35 India St., 5th Floor
Boston, MA  02110
T: (617) 307-4426
E:

Dated: February __8__, 2019

CERTIFICATE OF SERVICE

I, Michael S. Day, hereby certify that on the _6th March_ of ~~February~~ 2019, I have served a true copy of the foregoing document on the attorney(s) of record by mailing same first-class mail and by email.

/s/ Michael S. Day_____
Michael S. Day