52

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE ROE,<br>    Plaintiff,<br><br>vs.<br><br>LINCOLN-SUDBURY REGIONAL<br>SCHOOL DISTRICT, BELLA WONG,<br>AIDA RAMOS, and LESLIE PATTERSON,<br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 1:18-cv-10792-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT, AIDA RAMOS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

### Interrogatory No. 1

Identify and describe all communications between You and Plaintiff and/or her parents.

### Answer No. 1

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

To the best of my recollection, there was a conversation with Plaintiff's father, and Peter Elenbaas, the Former Co-Chair Title IX, regarding Plaintiffs' request for the Title IX Letter to be changed. I do not remember the date of that conversation, but I believe it was at some point after the August 2017 Title IX Investigation Letter was sent. Additionally, Plaintiff's parents and I also had numerous email correspondence regarding various IEP meetings for Plaintiff for the 2013-2014 school year and regarding Plaintiff's placement at EDCO. I also communicated with Plaintiff's parents regarding Spanish support for Plaintiff while she was at EDCO. Around May of 2014, I had several email exchanges with Plaintiff's parents regarding sending packets to other schools. I do not recall the specific dates and times of all communications, but they may be reflected in emails that I understand have been produced by the District.

The defendant refers to those emails identifying her as recipient or sender in Exhibit N (Aida Ramos Emails), Exhibit B (Lynne Carlson Emails), Exhibit L (Leslie Patterson Emails), Exhibit M (Bella Wong Emails), Exhibit O (MaryJane Walsh Emails), Exhibit P (Sue Leichtman Emails)

and Exhibit D (District's Response to OCR First Request for Data) (Confidential) of District's Responses to Plaintiff's First Request for Production of Documents.

**Interrogatory No. 2**

Identify and describe all communications between You and the Perpetrators and/or their

parents and/or their legal counsel.

**Answer No. 2**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this request on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

The defendant is withholding her response to this interrogatory as it requests information and materials pertaining to confidential student records. The Defendant will supplement her answer, if necessary, subject to the entry of an appropriate Court Order, and after issuing notice to the parent/guardians of any interested student in compliance with 603 C.M.R. 23.07(4)(b).

**Interrogatory No. 3**

Identify and describe all communications between You and Patterson regarding the Plaintiff.

**Answer No. 3**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

To the best of my recollection, communications between Leslie Patterson and I were often regarding placement of Plaintiff and providing academic support. Leslie Patterson and I were often on the same set of emails regarding IEP meetings for Plaintiff, and status updates regarding Plaintiff while at EDCO. I do not recall the specific dates and times of these communications, but some of them are reflected in emails that I understand have been produced

by the District.

The defendant refers to those emails identifying her as recipient or sender in Exhibit L (Leslie Patterson Emails), Exhibit N (Aida Ramos Emails), and Exhibit D (District's Response to OCR First Request for Data) (Confidential) of District's Responses to Plaintiff's First Request for Production of Documents.

**Interrogatory No. 4**

Identify and describe all communications between You and Wong regarding the Plaintiff.

**Answer No. 4**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

To the best of my recollection, communications between Bella Wong and I consisted of general status updates regarding the investigation. We did not discuss the details of the alleged incident. Some of our discussions also pertained to updates regarding Plaintiff's placement. These communications often took place during our standard weekly meetings where we discussed other school-related matters. Additionally, I believe that we were copied on emails regarding IEP meetings for Plaintiff at times. I do not recall the specific dates and times of these communications, but some of them are reflected in emails that I understand have been produced by the District.

The defendant refers to those emails identifying her as recipient or sender in Exhibit N (Aida Ramos Emails), Exhibit M (Bella Wong Emails), and Exhibit D (District's Response to OCR First Request for Data) (Confidential) of District's Responses to Plaintiff's First Request for Production of Documents.

**Interrogatory No. 5**

Identify and describe all communications between You and Patterson regarding the Perpetrators.

**Answer No. 5**
The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this request on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy

manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

The defendant is withholding its response to this interrogatory as it requests information and materials pertaining to confidential student records. The defendant will supplement its answer, if necessary, subject to the entry of an appropriate Court Order, and after issuing notice to the parent/guardians of any interested student in compliance with 603 C.M.R. 23.07(4)(b).

**Interrogatory No. 6**

Identify and describe all communications between You and Wong regarding the Perpetrators.

**Answer No. 6**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this request on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

The defendant is withholding its response to this interrogatory as it requests information and materials pertaining to confidential student records. The defendant will supplement its answer, if necessary, subject to the entry of an appropriate Court Order, and after issuing notice to the parent/guardians of any interested student in compliance with 603 C.M.R. 23.07(4)(b).

**Interrogatory No. 7**

Describe all education and/or training regarding Title IX that you have received, whether

from the District or otherwise.

**Answer No. 7**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

In 2004-2005 I attended a Doctorate Legal Class at Boston College. Title IX training is part of Lincoln-Sudbury School District's annual mandated trainings. To the best of my recollection, on December 11, 2013, I attended a training that discussed Title IX, called The Role of Special Education Teams and Schools When a Student with Disabilities is a Victim or Perpetrator of Bullying or Harassment -Meeting the Legal Requirements. On February 24, 2015, I attended a training entitled, Legal Aspects of Confidentiality and Parent Communications, where I believe we discussed what can and cannot be shared with families after a Title IX investigation. On July 24, 2017, I attended a training on Safe and Supportive School Environments.

**Interrogatory No. 8**

Identify and describe all communications between You and any third party regarding the

Plaintiff.

**Answer No. 8**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects on the grounds that the term "third party" is vague. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these or any additional objections, the defendant responds:

I do not recall any communications with any third parties regarding Plaintiff.

**Interrogatory No. 9**

Identify and describe all communications between You and any third party regarding the

Perpetrators.

**Answer No. 9**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it

seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

I do not recall any communications with any third parties regarding the alleged Perpetrators.

**Interrogatory No. 10**

Describe the steps You took to investigate Plaintiff's allegation of sexual assault.

**Answer No. 10**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

To the best of my recollection, I did not personally conduct any investigation into Plaintiff's allegation of sexual assault. Per procedure of Lincoln-Sudbury Regional High School, the primary responsibility for disciplinary investigations, student interviews, and parent communication is with the students' assigned Housemaster. I was routinely apprised of the status of the investigation from the respective Housemasters.

**Interrogatory No. 11**

Describe the steps You took to ensure that the restraining order obtained by Plaintiff against

the Perpetrators was enforced.

**Answer No. 11**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

To my knowledge, Plaintiff was granted Harassment Prevention Orders. All efforts to ensure that the harassment prevention orders obtained by Plaintiff against the Perpetrators was enforced was implemented by the Housemasters. I was apprised of each step regarding the investigation, including compliance with the restraining order through the Housemasters.

**Interrogatory No. 12**

Identify and describe all communications between You and any representative of the

EDCO Collaborative School.

**Answer No. 12**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

To the best of my recollection, I only received one email directly from a representative of EDCO, Deborah McElroy, regarding an incident that Plaintiff had in her physical education class. In March of 2014, I received a call from Deborah McElroy regarding an issue with Plaintiff's transportation. Additionally, I was often copied on emails between Plaintiff's parents and EDCO staff. At the end of April 2014, I received a call from Deborah McElroy, notifying me that the Plaintiff's family wanted a different placement. I do not recall the specific dates and times of these communications, but some of them are reflected in emails that I understand have been produced by the District.

The defendant refers to those emails identifying her as recipient or sender Exhibit N (Aida

Ramos Emails), Exhibit B (Lynne Carlson Emails), Exhibit L (Leslie Patterson Emails), Exhibit M (Bella Wong Emails), Exhibit O (MaryJane Walsh Emails), and Exhibit P (Sue Leichtman Emails).

### Interrogatory No. 13

Describe the steps You took to ensure that Plaintiffs education continued after her report of

sexual assault by the Perpetrators.

### Answer No. 13

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

To the best of my recollection, I supported Plaintiff's assessments, placement, and extended evaluation in accordance with the recommendations made by her IEP. While plaintiff attended EDCO Collaborative, I was kept apprised of Plaintiff's status by Lynn Carlson, Lincoln-Sudbury School Psychologist/Out of District Coordinator. I do not recall the specific dates and times of these communications, but some of them are reflected in emails that I understand have been produced by the District. I also attended Plaintiff's progress and IEP meetings to discuss plaintiff's educational needs

The defendant refers to those emails identifying her as recipient or sender Exhibit N (Aida Ramos Emails), Exhibit B (Lynne Carlson Emails), Exhibit L (Leslie Patterson Emails), Exhibit M (Bella Wong Emails), Exhibit O (MaryJane Walsh Emails), and Exhibit P (Sue Leichtman Emails).

The defendant is withholding additional materials pertaining to student records responsive to this interrogatory, subject to the entry of an appropriate Court Order, and after issuing notice to the parent/guardians of any interested student in compliance with 603 C.M.R. 23.07(4)(b).

**Interrogatory No. 14**

Identify and describe all communications between You and any law enforcement agency regarding the Perpetrators, the Plaintiff, or the sexual assault reported by the Plaintiff.

**Answer No. 14**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

To the best of my recollection, I do not believe I spoke directly with any law enforcement agency. Please see attachments 8 & 12 of Exhibit D (District's Response to OCR First Request for Data) (Confidential) produced in District's Responses to Plaintiff's First Request for Production of Documents.

**Interrogatory No. 15**

Identify and describe all communications between You and the United States Department of Education, Office of Civil Rights regarding the Perpetrators, the Plaintiff, or the sexual assault reported by the Plaintiff.

**Answer No. 15**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of

information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

I was interviewed, via phone, by a representative of United States Department of Education, Office of Civil Rights on September 11, 2014 in the presence of School Counsel regarding my involvement in the investigation. To the best of my recollection, all other communications with the United States Department of Education, Office of Civil Rights were handled by School Counsel.

**Interrogatory No. 16**

Describe all efforts by You to provide Plaintiff with mental health counseling or support.

**Answer No. 16**

The defendant objects to this interrogatory on the grounds that it is vague, overly burdensome, it is not properly limited as to time, and it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

To the best of my recollection, I participated in plaintiff's IEP meetings and generally supported Plaintiff's IEP, which included a mental health support component, administered by Sue Leichtman prior to the incident. Further responding, please see documents Exhibit A (IEP Materials) produced in District's Responses to Plaintiff's First Request for Production of Documents.

**Interrogatory No. 17**

Identify all incidents of sexual assault reported to You by a District student, employee or staff

member from 2003 to the present.

**Answer No. 17**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it

seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

Please see Exhibit E (District's Response to OCR Third Data Request) (Confidential); Exhibit H (District's Response to OCR Supplemental Data Request) (Confidential) produced in District's Responses to Plaintiff's First Request for Production of Documents.

The defendant is withholding additional materials pertaining to student records responsive to this interrogatory, subject to the entry of an appropriate Court Order, and after issuing notice to the parent/guardians of any interested student in compliance with 603 C.M.R. 23.07(4)(b).

**Interrogatory No. 18**

Identify all Title IX violations reported to You by a District student, employee or staff member

from 2003 to the present.

**Answer No. 18**

The defendant objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. The defendant also objects on the grounds that this interrogatory is vague and is not limited in time. The defendant further objects to this interrogatory on the grounds that it seeks disclosure of information protected by the attorney-client privilege. The defendant further objects to this interrogatory on the grounds that it seeks privileged, confidential and private information. Specifically, and by way of example only, this request seeks disclosure of information which would be an invasion of privacy and run counter to the legislative policy manifested in G.L. c. 214 § 1B. See Bratt v. Int'l Business Machines Corp., 392 Mass. 508, 518 (1984). The defendant further objects to this interrogatory to the extent it seeks the discovery of confidential student records that are protected under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. §§ 1232g, et seq., Mass. Gen. Laws ch. 71, § 34D ("Section 34D"), and/or Mass. Gen. Laws ch. 71, § 37O ("Section 37O") and which are protected from disclosure by 603 C.M.R. 23.07(4). Without waiving these or any additional objections, the defendant responds:

Please see Exhibit E (District's Response to OCR Third Data Request) (Confidential); Exhibit H (District's Response to OCR Supplemental Data Request) (Confidential) produced in District's Responses to Plaintiff's First Request for Production of Documents.

The defendant is withholding additional materials pertaining to student records responsive to this interrogatory, subject to the entry of an appropriate Court Order, and after issuing notice to the parent/guardians of any interested student in compliance with 603 C.M.R. 23.07(4)(b).

**Interrogatory No. 19**

Describe Your involvement in the formation and/or implementation of the District's

BEACON program.

**Answer No. 19**

The defendant objects to this interrogatory on the grounds that it is overly burdensome, it is not properly limited as to time, and it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. Further objecting, this program was not in effect at the time that Ms. Roe was a student.

**Interrogatory No. 20**

Were You involved in the decision that Plaintiff would not be permitted to enter the BEACON

program? If yes, please describe the basis for Your decision that Plaintiff should not enter the

BEACON program.

**Answer No. 20**

The defendant objects to this interrogatory on the grounds that it is overly burdensome, it is not properly limited as to time, and it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. Further objecting, this program was not in effect at the time that Ms. Roe was a student.

**Interrogatory No. 21**

Describe all communications between You and any District teacher or staff member

regarding Plaintiffs visits to Lincoln Sudbury Regional High School on January 31, 2014

and February 5, 2014.

**Answer No. 21**

The defendant objects to this interrogatory on the grounds that it is overly burdensome, it is not properly limited as to time, and it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects to this request on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

To the best of my recollection, I believe I only had one email correspondence with Lynn Carlson regarding Plaintiff's visits to Lincoln Sudbury Regional High School on January 31, 2014 and February 5, 2014. Additionally, after the visits, Lynn Carlson and I discussed how each visit went. Please see Exhibit K (Lynne Carlson Emails Regarding Visits, extracted form Exhibit A) produced in District's Responses to Plaintiff's First Request for Production of Documents.

**Interrogatory No. 22**

Describe all communications between You and Plaintiff and/or her Parents regarding

Plaintiffs visits to Lincoln Sudbury Regional High School on January 31, 2014 and

February 5, 2014.

**Answer No. 22**

The defendant objects to this interrogatory on the grounds that it is overly burdensome, it is not properly limited as to time, and it seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence. The defendant further objects to this request on the grounds that it seeks disclosure of information protected by the attorney-client privilege. Without waiving these objections, or any others which may apply, the defendant responds:

To the best of my recollection, I do not believe I had any direct communication with Plaintiff or Plaintiff's parents regarding Plaintiff's visits to Lincoln Sudbury Regional High School on January 31, 2014 and February 5, 2014.

Subscribed and sworn to under the pains and penalties of perjury this \_\_3\_\_ day of \_\_January\_\_, 2019.

_/s/ Aida Ramos_
Aida Ramos

AS TO OBJECTIONS:

AIDA RAMOS
By her Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

_/s/ Amanda M. Chaves_
John J. Davis, BBO #115890
Amanda M. Chaves, BBO #690289
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
jdavis@piercedavis.com
achaves@piercedavis.com

Date: 1/3/19